# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| *Plaintiff* § | |
| § | |
| v. § | 1:23-cr-00183-RP |
| § | |
| **SAMUEL ERIC KEEN,** § | |
| *Defendant* § | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on May 2, 2025, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, signed by the District Court on April 29, 2025 ("Petition") (Dkt. 80). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On April 1, 2025, Defendant Samuel Eric Keen was arrested pursuant to an indictment charging him with Possession with Intent to Distribute Analogue Controlled Substances, in violation of 21 U.S.C. §§ 813, 841(a)(1), and 802(32)A), and 18 U.S.C. § 2. Dkt. 22. The Court ordered him released on conditions on April 3, 2025. Dkt. 68.

The Petition alleges that Defendant submitted a urinalysis test on April 4, 2025 that was confirmed positive for amphetamines and cocaine metabolite. Dkt. 80 at 1. Defendant also submitted specimens on April 15, 2025 and May 2, 2025 – days he appeared before this Court – that returned presumptively positive results for amphetamines and cocaine; confirmation of those additional positive tests remains pending.

The Court has considered the Pretrial Services Report, the Petition, Defendant's sworn testimony, and the arguments of counsel for the Government and Defendant at the revocation hearing. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is clear and convincing

evidence that Defendant has violated Condition 7(m) of his release ("The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner.").

Nonetheless, considering all the evidence presented, the Court finds that there is good cause to **ORDER** Defendant's release so that he may participate in a program of inpatient substance abuse therapy and counseling, at his request. The Court **HEREBY AMENDS** Defendant's Conditions of Release to impose the following additional Conditions:

> **(7)(o)** The defendant must participate in a program of inpatient or outpatient substance use treatment, if directed by the pretrial services office or supervising officer.
>
> Defendant is required to pay the cost for drug testing/treatment to the extent he is able to.
>
> Any non-relative roommates living in Defendant's home must be approved by the Court.

Defendant is **HEREBY ORDERED** to abide by all conditions in this Order and the Order Setting Conditions of Release (Dkt. 68) and to follow all instructions from Pretrial Services. Defendant is **ADMONISHED** that he should expect the Court to revoke his release and order his detention should he again violate any of his Conditions of Release.

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 80) is **DENIED**.

**SIGNED** May 2, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE